BENJAMIN BENTLEY *vs.* EDWARD HARRIS.

A  person who is to receive a part of the profits of a business, either in whole or part pay for his services, may maintain a bill in equity for an account of these profits.
*Hazard* v. *Hazard,* 1 Story, 371, stated and distinguished.

BILL IN EQUITY.   The bill in substance charged that the defendant made a contract with the plaintiff, under which he was liable to account for and pay over to the plaintiff five per cent. of the profits of Mills Nos. 2, 3, and 4, in Woonsocket, belonging to the defendant, yearly and at the close of each year from and after January 1, 1864 ; that the plaintiff was under said contract in no way liable for losses in said business ; that large profits had accrued under said contract ; that defendant had never accounted for or paid over any portion of such profits ; that the plaintiff was wrongfully discharged from his employment as superintendent of said mills in May, 1870 ; that the defendant had promised to cancel one of the three mortgages recited in the bill, and procured one of them by violence and fraud.   The bill prayed for an account, for payment of two mortgages out of profits alleged to be due the plaintiff, for cancellation of the third mortgage, for injunction against sales under said mortgages, and for general relief.

The answer denied the allegations of the bill, and set forth a contract determinable at the will of either party, by which the plaintiff was to receive five per cent. of the profits of said business over its losses, from and after January 1st, 1865, until the termination of said contract, and averred that there were no profits.

The case was formerly heard at the March Term, 1871, of the Supreme Court for this county, when, after consideration, it was ordered that a decree be entered dismissing the bill, whereupon the complainant moved for a rehearing, and the case was again heard upon his motion at the present term.

*C. P. Robinson*, for complainant.

*Bradley & Metcalf*, for respondent.

POTTER, J. At the former hearing of this case upon the evidence, both parties seemed to confine themselves very much to an endeavor to show that there had or had not been profits made. On the motion for rehearing which we are now to determine, it is insisted by the complainant that he has a right to an account in order to ascertain whether there were any profits or not.

The bill alleges an agreement on the part of Harris to pay the complainant a certain salary as superintendent of his mill, and also a percentage of the profits of the business. This is admitted by the answer.

Is a person who is to receive a part of the profits of the business in whole or part pay for his services entitled to an account of those profits. We have been referred by complainant's counsel to no cases where the point has been decided, and therefore must determine the question according to reason and analogy.

The case of *Hazard* v. *Hazard*, 1 Story 371, cited by Mr. Bradley for the defendant, is not in point. In that case the defendant was to receive part of the profits as his pay, and as the business turned out a losing one, the employer filed a bill in the United States Circuit Court to have him held as a partner and made liable for a portion of the losses. Judge Story only decided, after a very full examination, that receiving part of the profits as compensation for services did not constitute him a partner as between themselves.

Most of the cases we have examined have turned upon the question, what participation in profits made the participant liable as partner. There may be cases where a person puts his services into a business as a set-off against capital furnished by another, and in such a case if he is a principal and has a control, a right to manage the business, an interest in the profits as profits, he would, according to the cases, be held entitled to an account as a partner.

In the present case, the complainant has an interest in the profits, not as profits, but as wages;[1] he has no agency or control, but is in all respects the servant of his employer. It is a mere debt from employer to employé, and for which the complainant would have no preference as a partner would over any other debt due from said Harris on his individual account. There are a few cases where the language of the court would seem to imply that a person who receives part of the profits as pay is not entitled to account, unless connected with other things which would make him a partner. *Denney* v. *Cabot*, 6 Met. 82–92 ; *Champion* v. *Bostwick*, 18 Wend. 175, 184 ; *Ex parte Harper*, 17 Vesey, 404–412 ; 1 Story on Part. §§ 48, 49. But these expressions were only incidental and not necessary to the decision of the main question in those cases, whether the defendant was to be held as a partner. See also 3 Kent's Com. 25, notes.

But there seems to be sound sense in the remarks of Bissett (on Part. 12–15, quoted in Collyer on Part. § 45, note, page 42, 4th Am. ed.) : "Some of the writers, and even some of the judicial authorities on this subject, appear to think that they have surmounted the difficulty by confining the rule of liability [as a partner] to the cases where the party would have a right to an account of the profits ; but to this it may be answered, that in all cases where a person is to be paid for his services by a sum *proportionate* to the profits, he must be entitled to an account of the profits. If not, how is he to ascertain that he has what he stipulated for. See 7 Jarman Conv. by Sweet, 11, note *a*. In many of the cases, it will be seen that, notwithstanding a clear right to an account, no partnership was held to subsist either as between the parties or as to third persons."

And in *Hargrave* v. *Conroy*, 4 C. E. Green, 280–284, which was a suit by a party who had agreed to work for a fixed sum, with a part of profits in addition, the court, while holding that according to the complainant's own statement of the profits (which for the argument was assumed as true) he had been overpaid, recognized his right to an account if the case had required it.

---

[1] Lord Eldon, *In re Harper*, 17 Ves. 404, 412, made light of this distinction, but it is held to be a sound distinction by Ch. Walworth, in *Champion* v. *Bostwick*, 18 Wend. 175, 185.

It is common for seamen, in certain sorts of voyages, to agree for a certain share of profits as wages, and an account is always taken when it is necessary to ascertain the amount of profits.

And, on further examination, we find that in the case of *Harrington* v. *Churchward*, where the salary was to be in proportion to profits, it was held by Vice-Chancellor Wood, that the complainant might come into equity, not merely for discovery in aid of a suit at law, but to have an account. This case is in 8 Weekly Reporter, 302; 6 Jurist N. S. 576; 29 L. J. Chanc. 521, but does not seem to be in the regular reports. It is cited by Redfield, in note to Story Eq. Jur. 8th ed. § 451.

We think the complainant entitled to an account. The bill will therefore stand dismissed as to all charges of fraud (of which there is not the slightest evidence), with costs for the defendant up to the time of rendering the decree, and upon payment of costs, and giving security for future costs, if demanded, the complainant may proceed to have an account.

In regard to the motion by defendant's counsel for repayment of the moneys now in the registry of the court, as the defendant's estate is amply able to repay it, if found due, and it will be for the advantage of both parties to have it earning more interest, it will be granted.                           *Decree accordingly.*